LINDA HAGLER, Adm'r of the Estate of Jarred Terry Bennett, Deceased, Plaintiff-Appellee, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fifth District    No. 5—94—0476

Opinion filed August 31, 1995.

Donald V. Ferrell and Thomas J. Foster, both of Jelliffe, Ferrell & Morris, of Harrisburg, for appellant.

Brad K. Bleyer and G. Patrick Murphy, both of Marion, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Linda Hagler, on behalf of the estate of Jarred Bennett, filed a declaratory judgment action which requested the court to declare that the underinsured motorists coverage of three separate policies issued by Country Mutual Insurance Company could be stacked for a total of $150,000 underinsured motorists coverage. The trial court declared that the underinsured motorists coverage could be aggregated. The court also found that defendant was only entitled to a $25,000 setoff, which was the amount of coverage applicable to the motor vehicle in which plaintiff's decedent was riding at the time of his death. Country Mutual Insurance Company (Country Mutual) appeals. We reverse.

Jarred Bennett was a passenger in a car driven by Robert Drew. Drew's car collided with a tree, and Bennett was killed. At the time of the accident Drew had insurance with Madison Mutual Insurance Company with bodily injury limits of $25,000 per person. Madison Mutual Insurance Company paid its policy limits of $25,000.

Linda Hagler is married to Robert Bruce Hagler. Jarred resided with his mother, Linda Hagler, and her husband Bruce Hagler, at the time he was killed. On the date of the accident Country Mutual had in effect three policies which are identical except that one policy was issued to Jarred T. Bennett, another to Robert Bruce Hagler, and the third to Robert B. and Linda S. Hagler. There is no dispute that Jarred was an insured entitled to underinsured motorists coverage under all three policies. The dispute is over the antistacking provisions in the policies.

The declarations page of each policy discloses that underinsured motorists coverage was purchased for each of them. Each policy has limits of $50,000 per person and $100,000 per occurrence for underinsured motorists coverage. Each of the policies also has the following provision:

> "If you have paid for this coverage (see the declarations page), we will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by an insured and caused by an accident. The owner's or operator's liability for these damages must arise from the ownership, maintenance or use of the uninsured or underinsured motor vehicle.
>
> If you have Underinsured Motorists coverage, (see the declarations page), a. and b. apply:
>
> a. The limits of liability for this coverage will be reduced by the total payments of all bodily injury liability insurance policies applicable to the person or persons legally responsible for such damages."

The policies also provide:

> "Other Vehicle Insurance With Us. If this policy and any other vehicle insurance policy issued to you or a relative by one of our companies apply to the same accident, the maximum limit of our liability under all the policies will not exceed the highest applicable limit of liability under any one policy."

After a bench trial the court found that the underinsured motorists provisions of the policies did not provide coverage for an underinsured death claim because "Section 2, Uninsured-Underinsured Motorists" provides:

> "[W]e will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle *because of bodily injury sustained* by an insured and caused by an accident." (Emphasis added.)

The exclusions section, however, provides for the exclusion of a "bodily injury or death claim" under certain circumstances:

> "We do not provide coverage under Section 2 for bodily injury sustained by anyone: 1. if, without our consent, the *bodily injury or death claim* is settled or is resolved by a judgment in a court of law." (Emphasis added.)

The trial court held that, given the policy language, Country Mutual recognized a distinction between a bodily injury and a death claim. The court cited section 143a—2(1) of the Illinois Insurance Code (215 ILCS 5/143a—2(1) (West 1992)), and *Fuoss v. Auto Owners (Mutual) Insurance Co.* (1986), 148 Ill. App. 3d 526, 499 N.E.2d 539, and held that underinsured motorists coverage is implied to provide coverage for this underinsured death claim. In addition, the court held that when an insurer fails to meet its statutory duty required under the Insurance Code, underinsured motorists coverage must be implied as part of the policy terms.

The trial court held that the antistacking clause is ineffective because the terms of the policies do not provide for an underinsured motorists death claim. The court held that the antistacking clause cannot defeat coverage which was not expressly provided when the insurance contracts were formed and, therefore, the total amount of underinsured motorists coverage available was $150,000. Finally, the trial court held that Country Mutual was entitled to a setoff of $25,000 from the total aggregated underinsured motorists coverage available, rather than a setoff of $25,000 from each of the three policies.

Country Mutual raises two issues on appeal: whether the trial court erred in allowing stacking of the underinsured motorists coverage of the three policies and, assuming that stacking is permitted,

whether the court erred in failing to set off the tortfeasor's contribution from each policy of insurance.

We first examine *Fuoss v. Automobile Owners (Mutual) Insurance Co.* (1986), 148 Ill. App. 3d 526, 499 N.E.2d 539, *aff'd* (1987), 118 Ill. 2d 430, 505 N.E.2d 352. In *Fuoss* an insured motorist sued his insurer, which had allegedly failed to offer him underinsured motorist coverage as required by the Insurance Code. The court held that when an insurer violates its statutory duty to give adequate notice of the availability of underinsured motorists coverage, the underinsured motorists coverage is implied as a part of the policy terms. We agree with the reasoning in *Fuoss* and the trial court to the extent that in this case underinsured motorists coverage for a death claim, although not specifically provided for in the insurance policies, is implied. The effect of implying underinsured motorists coverage as part of the policy terms on the antistacking clause, however, is not as straightforward as the trial court concluded. We disagree with the trial court's conclusion that the ambiguity in the underinsured provision renders the antistacking clause unenforceable.

As for any contract, resolution of questions about the parties' obligations under an insurance policy begins with the agreement's express terms. (*Bruder v. Country Mutual Insurance Co.* (1993), 156 Ill. 2d 179, 185, 620 N.E.2d 355, 358.) Although the failure to include coverage for a death benefit in the policy created a question of whether such coverage was intended, an ambiguity in that portion of the policy, that ambiguity is resolved by the application of *Fuoss* and section 143a—2. Once ambiguity over the coverage is resolved in favor of coverage, that ambiguity no longer exists. The question of whether coverage afforded under the policies may be aggregated is determined from the antistacking provision alone. There is no claim that the antistacking clause itself is ambiguous. It seems the trial court, finding no ambiguity *per se* in the antistacking clause, turned to the perceived ambiguous underinsured motorists provision and as a matter of public policy found that the antistacking clause was unenforceable. In particular, the trial court found that the parties did not agree to be bound by the antistacking clause because the death claim coverage was not expressly provided for when the insurance contracts were formed.

There were really two questions to be decided. The question of whether the policies afforded underinsured coverage for a death claim when the policy did not explicitly refer to death coverage is one question. The trial court resolved that question in favor of plaintiff. (As a matter of fact, defendant does not contest that issue.) The second question is whether the limits can be aggregated, and it is separate

from the first. The trial court's conclusion that the ambiguity in the first question carried over to the second is not correct. For, as the supreme court recently held:

> "The question is not whether coverage exists under the policies involved. The issue of whether the coverages can be stacked arises only because that fact is a given." *Bruder*, 156 Ill. 2d at 187, 620 N.E.2d at 359.

An insurer is entitled to the enforcement of unambiguous antistacking provisions to the extent that such provisions represent terms to which the parties have agreed to be bound. (*Bruder*, 156 Ill. 2d at 188-89, 620 N.E.2d at 359.) However, there is no question that had the underinsured motorists provision included death claim coverage, the antistacking clause would preclude stacking. (See *Bruder*, 156 Ill. 2d 179, 620 N.E.2d 355.) Plaintiff concedes that if Country Mutual had clearly and unambiguously provided underinsured death claim coverage in the policies, the antistacking clause would operate in the fashion intended by Country Mutual—plaintiff would not be permitted to stack the coverage. Country Mutual argues that although the underinsured motorists provision was ambiguous, the death claim coverage was implied into the insurance contracts, thus reforming the contracts to represent what the parties originally intended.

Because the reformation merely served to reform the insurance contracts to what the parties intended, the claim that the antistacking provision as applied to the death claim coverage exceeds the parties' intentions is illogical. There is no dispute that the antistacking clause is unambiguous. The issue is whether its terms represent an agreement of the parties to prohibit stacking for an underinsured death claim, where such coverage was implied by law into the insurance policies. Plaintiff's stance, that he be afforded stacking privileges even though he admits that had the death claim coverage been included in the policies to begin with he would have been precluded from stacking, is untenable.

The function of the court in construing an insurance policy is to ascertain and enforce the intention of the parties as expressed in the agreement, and the construction given the policy should be a natural and reasonable one. (*de los Reyes v. Travelers Insurance Cos.* (1990), 135 Ill. 2d 353, 358, 553 N.E.2d 301, 304.) If we examine what the insured expected to receive in this case—death claim coverage and an enforceable antistacking provision—with what the insurer provided—no death claim coverage—we cannot conclude that the insured is harmed where (1) death claim coverage is implied by law in the insurance policies and (2) the antistacking clause is interpreted in the same fashion as if death claim coverage was originally

included, to preclude stacking. In this case a reasonable construction of the antistacking clause is to put the parties in the same position they would have been in had the death claim coverage originally been included in the policy. Accordingly, we reverse the trial court's decision declaring the antistacking clause unenforceable. Plaintiff is entitled to underinsured motorists coverage for the death claim as to one insurance policy, and plaintiff is precluded from stacking the three policies.

The second issue on appeal is whether the trial court properly set off the tortfeasor's $25,000 contribution from the total amount of the aggregated underinsured motorists coverage. In view of our decision reversing the trial court's determination that the antistacking clause is unenforceable, we need not reach the setoff issue.

Pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), a declaratory judgment in favor of Country Mutual is entered, as we find that the underinsured motorist coverage of the three policies may not be stacked. The decision of the circuit court is reversed as to the circuit court's finding that the policies could be stacked.

Reversed; judgment entered.

MAAG, P.J., and KUEHN, J.[1] , concur.

---

[1]Justice Lewis, originally one of the panel members on this case, retired effective August 1, 1995; Justice Kuehn was assigned to this case in substitution for Judge Lewis.