(No. 78252.—

.HARRY LUECHTEFELD, Appellee, v. ALLSTATE
INSURANCE COMPANY, Appellant.

*Opinion filed September 21, 1995.*

John B. Gunn and Leslie G. Offergeld, of Walker &
Williams, P.C., of Belleville, for appellant.

Harriet H. Hamilton, of Cook, Shevlin, Ysursa,
Brauer & Bartholomew, Ltd., of Belleville, for appellee.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The plaintiff, Harry Luechtefeld, brought a declaratory judgment action in the circuit court of St. Clair County against Allstate Insurance Company seeking a determination of his rights to uninsured-motorist coverage under a policy issued to him by Allstate. The trial court granted Allstate's motion for summary judgment, finding that the policy unambiguously excluded the plaintiff's claim. The appellate court reversed, finding that although the policy excluded coverage, the purported exclusion was invalid for public policy reasons. (267 Ill. App. 3d 222.) We allowed Allstate's petition for leave to appeal (145 Ill. 2d R. 315).

At issue in this appeal is whether an insurance policy may, consistently with public policy, exclude uninsured-motorist coverage for vehicles owned by the insured when such vehicles have uninsured-motorist coverage under another insurance policy.

The facts are not disputed. The plaintiff suffered personal injuries in an accident on December 10, 1990. The plaintiff was operating a motorcycle that he owned when he was struck by an uninsured motorist. The motorcycle was insured under a policy issued by Pekin Insurance Company to the plaintiff in November 1990. The Pekin policy provided uninsured-motorist coverage with limits of $20,000 per person/$40,000 per accident. The plaintiff settled his accident claim against Pekin for the full $20,000 limit of uninsured-motorist coverage.

The plaintiff was also the named insured in a policy issued by Allstate to cover three automobiles that the plaintiff owned. The Allstate policy provided uninsured-motorist coverage of $100,000 per person/$300,000 per accident. Because the plaintiff's injuries and damages allegedly exceeded the $20,000 settlement he received from Pekin, the plaintiff filed a claim with Allstate. The plaintiff claimed that the injuries he sustained in the

motorcycle accident were covered under the uninsured-motorist provisions of the Allstate policy. Allstate denied the plaintiff's claim, citing an exclusionary clause in the policy. Allstate argued that this clause excluded the plaintiff's motorcycle from uninsured-motorist coverage because the motorcycle had uninsured-motorist coverage under another insurance policy, *i.e.*, the Pekin policy.

The plaintiff then filed the instant declaratory judgment action, seeking a determination of his rights under the Allstate policy. The plaintiff claimed that the exclusionary clause was ambiguous and therefore must be construed against Allstate and in favor of coverage. In the alternative, the plaintiff argued that the exclusionary clause was unenforceable because it violated public policy. The plaintiff and Allstate filed cross-motions for summary judgment.

The trial court denied the plaintiff's motion and granted Allstate's motion, finding that the Allstate policy unambiguously excluded plaintiff's motorcycle from uninsured-motorist coverage. The appellate court reversed the trial court's grant of summary judgment and remanded for further proceedings. The appellate court found that, although the language of the exclusionary clause was clear and unambiguous, that clause was nevertheless unenforceable on public policy grounds. As stated, we granted Allstate's petition for leave to appeal.

The Allstate policy is divided into six parts. The exclusionary clause at issue in this appeal is found in part V and provides as follows:

"Part V
Uninsured Motorists Insurance
Coverage SS
　　We will pay damages for bodily injury *** which a person insured is legally entitled to recover from the owner or operator of an uninsured auto. ***

*　*　*

Exclusions—What is not covered
  This coverage does not apply to:

\* \* \*

(3) Any person while in, on, getting into or out of a vehicle you own which is insured for this coverage under another policy."

Allstate contends that the language of paragraph 3 of the "Exclusions" (hereafter, exclusionary clause) unambiguously prohibits the plaintiff from looking to the Allstate policy for uninsured-motorist coverage under the facts of the instant case. We agree. The exclusionary clause unambiguously excludes coverage here. The plaintiff was injured on a motorcycle that he owned and that had uninsured-motorist coverage under the policy issued by Pekin.

The plaintiff argued in the trial and the appellate courts that, when the exclusionary clause referred to "this coverage," it could have been understood to mean "coverage in the amount stated in the declarations." We agree with the trial and appellate courts' conclusions, however, that the language of the exclusionary clause is clear and unambiguous. When the term "this coverage" is used in the policy, it obviously refers to the type of insurance (e.g., liability or uninsured motorist) rather than the amount of insurance purchased.

The plaintiff now argues, for the first time, that the provision entitled "Combining Limits of Two or More Autos Prohibited" creates an ambiguity. Basically, the plaintiff is again attempting to argue that the phrase "this coverage" in the exclusionary clause refers to the amount of coverage stated on the declarations page, rather than to uninsured-motorist coverage. We reject this argument and find that the language of the exclusionary clause is subject to only one reasonable interpretation. That clause unambiguously excludes uninsured-motorist coverage when the insured is injured

in a vehicle that he owns and that has uninsured-motorist coverage under another policy.

The next issue we must consider is whether the exclusionary clause violates the public policy of this State as expressed in section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 1992)). Section 143a provides that every liability insurance policy issued for any motor vehicle registered or principally garaged in Illinois must provide coverage for bodily injury or death caused by an uninsured or hit-and-run vehicle. (215 ILCS 5/143a (West 1992).) Uninsured-motorist coverage must be at least in the amount set forth in section 7—203 of the Illinois Vehicle Code (625 ILCS 5/7—203 (West 1992)).

Allstate argues that the exclusion does not violate the policy underlying section 143a because it does not take effect unless the insured has uninsured-motorist coverage under another policy in the minimum amounts established by law. Allstate points out that the plaintiff here was able to collect $20,000 in uninsured-motorist coverage under the Pekin policy. Allstate argues that the exclusionary clause is therefore consistent with the public policy expressed in section 143a, because it places the insured in the same position as if the uninsured motorist had been minimally insured.

We agree. This court has consistently recognized that the purpose of the uninsured-motorist statute is to place the insured policyholder in substantially the same position he would occupy if the uninsured driver had been minimally insured. (*Hoglund v. State Farm Mutual Automobile Insurance Co.* (1992), 148 Ill. 2d 272, 277; *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420; *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 89; see also *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 338.) This purpose is not defeated by application of the exclusion-

ary clause in Allstate's policy here. The plaintiff has already received $20,000 in uninsured-motorist coverage under the Pekin policy. Thus, he is in substantially the same position he would occupy if the uninsured driver had been minimally insured. In fact, the clause, by its very terms, takes effect only if the policyholder already has uninsured-motorist coverage under another policy. It states that the exclusion will apply only where a person is injured "while in, on, getting into or out of a vehicle *you own which is insured for [uninsured-motorist] coverage under another policy.*" (Emphasis added.) As long as the coverage under the other policy equals or exceeds the minimum sums set forth in the Illinois Vehicle Code (625 ILCS 5/7—203 (West 1992)), there is no conflict between the exclusionary clause in Allstate's policy and section 143a.

We emphasize that our holding here is narrow. The legislative purpose behind section 143a is " 'to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the [Illinois Vehicle Code].' " (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 176, quoting *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 4; *Barnes v. Powell* (1971), 49 Ill. 2d 449, 452-53.) Enforcement of Allstate's exclusionary clause does not violate this legislative purpose because the clause leaves the plaintiff in substantially the same position he would have occupied if the driver of the uninsured vehicle had obtained the minimum liability insurance required by law.

The plaintiff argues, however, that the exclusionary clause is invalid under the reasoning expressed in *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167. We disagree. The issue in *Squire* was whether the plaintiff could stack coverage under two insurance policies is-

sued to the plaintiff's family by a single insurer. In finding that the plaintiff could stack recovery under both policies, the court invalidated an exclusion found in one of the policies. That exclusion barred uninsured-motorist coverage for injuries incurred in an automobile that the insured owned but did not list in that insurance policy. The *Squire* court concluded that the exclusion violated the public policy expressed in section 143a and was unenforceable under section 442a of the Illinois Insurance Code.

The plaintiff argues that *Squire* stands for the proposition that, when an insured purchases an insurance policy that includes uninsured-motorist coverage, that policy provides uninsured-motorist protection for *any* vehicle the insured owns or is injured in, even if the vehicle is insured under another policy. He claims that, under the reasoning of *Squire*, when he paid a premium to Allstate for uninsured-motorist coverage for one of his automobiles, that premium entitled him to coverage for any injury caused by an uninsured motorist, regardless of whether the injury occurred in a vehicle listed in the Allstate policy. He argues that the additional premium that he paid to Pekin for uninsured-motorist coverage on his motorcycle was therefore redundant and unnecessary, unless he is entitled to uninsured-motorist coverage under both the Allstate and the Pekin policies. When *Squire* is read in conjunction with the cases and statutory provisions discussed therein (*e.g.*, Ill. Rev. Stat. 1975, ch. 73, pars. 755a, 1054), however, it is apparent that *Squire* stands for a much narrower proposition than that proposed by the plaintiff. The policy at issue in *Squire* excluded uninsured-motorist coverage whenever the insured was injured in a vehicle not listed in the policy regardless of whether there was uninsured-motorist coverage on that second vehicle. Enforcement of the exclusion therefore could have left

the insured *without any protection against injuries caused by uninsured motorists* in some circumstances. By depriving the insured of uninsured-motorist coverage in some circumstances, the exclusion in *Squire* violated the statutory requirement in section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 1992)) that every automobile liability insurance policy provide uninsured-motorist coverage in the minimal amounts required under the Illinois Vehicle Code.

The exclusion invalidated in *Squire* is clearly distinguishable from that found in Allstate's policy. As stated, the policy in *Squire* excluded uninsured-motorist coverage whenever the insured was injured in a vehicle not listed in the policy, regardless of whether there was uninsured-motorist coverage on that second vehicle. The exclusionary clause in Allstate's policy, on the other hand, applies only if the insured is injured in a vehicle that he owns and that has uninsured-motorist coverage under another policy. Thus, enforcement of the exclusion would *never* leave an injured insured without uninsured-motorist coverage in violation of section 143a. In *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, this circumstance was found to bring an exclusionary provision into accord with the policy behind section 143a.

The Allstate exclusionary clause does not deprive the plaintiff of uninsured-motorist coverage solely because the vehicle in which he was riding at the time of the accident was not listed in the Allstate policy. On the contrary, the exclusionary clause takes effect only if the insured is injured in a vehicle that has uninsured-motorist coverage under another policy. The plaintiff concedes that the motorcycle had $20,000 of uninsured-motorist coverage under the Pekin policy. Because the exclusionary clause in the Allstate policy does not deprive the insured of uninsured-motorist coverage un-

less the insured has such coverage under another policy, the exclusion is readily distinguishable from that invalidated in *Squire*. See *Shefner v. Illinois Farmers Insurance Co.* (1993), 243 Ill. App. 3d 683.

The plaintiff nevertheless contends that application of the exclusionary clause in Allstate's policy violates public policy because it "punishes" him for purchasing the Pekin policy. He contends that, under the reasoning in *Squire*, the Allstate policy would have provided uninsured-motorist coverage to him had he not obtained uninsured-motorist coverage under the separate Pekin policy. He argues that, when he purchased a second policy from Pekin, specifically listing the motorcycle, he gained nothing, but that he, in fact, lost $80,000 in uninsured-motorist coverage under the Allstate policy.

We are not persuaded by the plaintiff's argument. First, we find no support for his contention that he gained "nothing" when he paid a premium to Allstate and to Pekin. The plaintiff unquestionably received valuable consideration for the price he paid for the Allstate policy. That policy provided liability coverage for three automobiles that the plaintiff owned other than the motorcycle, as well as uninsured-motorist coverage for accidents involving those automobiles. The plaintiff also undeniably received valuable consideration for the price he paid for the Pekin policy. That policy provided liability coverage for the plaintiff's motorcycle, as well as uninsured-motorist coverage for accidents involving that motorcycle. Thus, the plaintiff received consideration in return for his payment of premiums to Allstate and Pekin.

The plaintiff argues, however, that he did not receive anything of value in return for his payment of a premium to Pekin. He claims that, if he had failed to insure his motorcycle, he, by virtue of *Squire*, would have received uninsured-motorist coverage under the

Allstate policy. The plaintiff's argument is unpersuasive.

The fundamental problem with the plaintiff's argument is that he is asking this court to address a scenario that is not present in this case, namely, what he would have been entitled to recover had he *not* purchased the Pekin policy. The plaintiff, however, *did* purchase both the Pekin policy and the Allstate policy, with its unambiguous exclusionary language. What *would* have been the outcome under *Squire* had the plaintiff failed to purchase the Pekin policy is thus not properly before us.

We do note that *Squire* was decided before mandatory automobile liability insurance was required by statute in Illinois. In 1989, the Illinois Safety Responsibility Law took effect, providing that no person shall operate or register a motor vehicle unless that vehicle is covered by a liability insurance policy. (625 ILCS 5/7—601 (West 1992).) As noted, pursuant to section 143a of the Illinois Insurance Code, every automobile insurance policy issued for any motor vehicle in Illinois must provide uninsured-motorist coverage in at least the minimum amount set forth in the Illinois Vehicle Code. (215 ILCS 5/143a (West 1992); 625 ILCS 5/7—203 (West 1992).) We note that the plaintiff's reading of *Squire* would operate to reward individuals who violate the mandatory insurance law by failing to purchase a liability policy for one of their vehicles by allowing them to recover uninsured-motorist coverage under a policy issued to cover a different vehicle. However, the issue of the interpretation of *Squire* in light of the mandatory insurance law is not properly presented by the facts of this case, and we therefore do not resolve it at this time.

We also note that this court has specifically rejected the claim that public policy is violated simply because a plaintiff pays multiple premiums for uninsured-motorist

protection but is limited under the policy to a single recovery. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 425.) Payment of multiple premiums for uninsured-motorist protection does not automatically entitle the plaintiff to greater coverage than he would obtain if only a single premium had been paid. See *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 425 (holding that plaintiff was not entitled to stack insurance coverage under three $10,000 uninsured-motorist provisions, for a total of $30,000, even though the plaintiff had paid three separate premiums for such coverage); see also *Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507.

We emphasize that our holding today is consistent with the reasonable expectations of policyholders in the plaintiff's position. He purchased the Allstate policy for his automobiles and his Pekin policy for his motorcycle. The plaintiff *did* receive uninsured-motorist protection under both policies. The Allstate policy protected him against injuries caused by uninsured motorists while driving his three automobiles, while the Pekin policy protected him against injuries caused by uninsured motorists while riding his motorcycle. Public policy does not require that the plaintiff receive uninsured-motorist coverage for the motorcycle under both Pekin's and Allstate's policies, where Allstate's policy forbade such stacking. We do not agree with the plaintiff's suggestion that payment of a premium will in all cases create a reasonable expectation in the insured that he will receive the full amount of coverage even where there is clear language in the policy excluding such coverage. (See *Obenland v. Economy Fire & Casualty Co.* (1992), 234 Ill. App. 3d 99, 111.) This court has stated that "[p]ublic policy does not require invalidation of clearly written provisions simply to avoid disappointment to the insured." *Menke v. Country Mutual Insurance Co.*

(1980), 78 Ill. 2d 420, 426; *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 86.

The plaintiff has failed to persuade us that any public policy recognized by this court is violated by enforcement of the exclusion in Allstate's policy. The appellate court suggested that the exclusion should be declared invalid on public policy grounds so as to "encourag[e] consumers to purchase increased uninsured-motorist protection[ ] *** [so that] when tragedy strikes, losses will be covered as much as possible." (267 Ill. App. 3d at 227.) This court has never suggested, however, that the policy underlying the uninsured-motorist statute is to encourage the purchase of maximum uninsured-motorist coverage. Rather, we have repeatedly stated that the purpose of the uninsured-motorist statute is to provide coverage which would compensate the insured to at least the same extent as he would have been if he had been injured by a motorist who had purchased the *minimum* insurance required by law. *Hoglund v. State Farm Mutual Automobile Insurance Co.* (1992), 148 Ill. 2d 272, 277; *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420; *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 89; *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 338.

Even if we were to concede that this court should construe insurance policies in a manner that encourages consumers to purchase the maximum amount of uninsured-motorist protection possible, we fail to see how invalidation of the exclusionary clause in Allstate's policy would advance such a goal. Here, when the plaintiff insured his motorcycle with Pekin, he voluntarily elected to purchase uninsured-motorist coverage with limits of only $20,000 per person/$40,000 per accident. If we hold that he is nevertheless entitled to recover an additional $80,000 in uninsured-motorist coverage under his Allstate policy, we will simply encourage

consumers to purchase adequate uninsured-motorist protection for one automobile and minimal or no uninsured-motorist protection for all other automobiles. Invalidating the exclusionary clause in Allstate's policy would therefore discourage consumers from purchasing the maximum amount of uninsured-motorist coverage when insuring their automobiles.

Further, as Allstate points out, the relief the plaintiff seeks in this case is contrary to public policy considerations that this court has previously recognized. When the plaintiff insured his motorcycle with Pekin, he elected liability coverage with limits of $25,000 per person/$50,000 per accident. Thus, if the plaintiff was involved in an accident with his motorcycle in which he was at fault, only that amount of coverage would be available to injured third parties. The plaintiff is now attempting to recover more benefits for himself when injured by others than he elected to make available to third parties whom he injured. In *Fuoss v. Auto Owners (Mutual) Insurance Co.* (1987), 118 Ill. 2d 430, 435, this court was critical of such a strategy in a different context. In *Fuoss*, an insured claimed that he was entitled to recover underinsured-motorist coverage in an amount greater than the liability coverage limits he had purchased. This court stated that, to allow him to do so:

> "would permit [the insured] to choose, after the fact, underinsurance coverage in an amount greater than he originally selected for bodily injury liability coverage with the result that [the insured] would be providing more protection for himself than he was originally willing to extend to the general public. Such an outcome would, as the appellate court said, be 'repugnant to our system of justice.'" *Fuoss*, 118 Ill. 2d at 435, quoting *Fuoss v. Auto Owners (Mutual) Insurance Co.* (1986), 148 Ill. App. 3d 526, 535.

For the reasons stated, we conclude that the exclusionary clause unambiguously prohibits the plaintiff

from looking to the Allstate policy for uninsured-motorist coverage under the facts of the instant case. Because enforcement of the clause does not violate public policy in this case, the policy must be applied as written.

The judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*