No. 2--06--1238     Filed: 2-13-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| FARMERS AUTOMOBILE INSURANCE ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--MR--25 |
| ROBERT ROWLAND and MARGARET ROWLAND, | ) ) ) | Honorable David L. Jeffrey, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Farmers Automobile Insurance Association, sued defendants, Robert Rowland and Margaret Rowland, seeking a declaration that it did not owe them uninsured motorist (UM) coverage under an automobile insurance policy it issued. The trial court granted plaintiff judgment on the pleadings, holding that the policy unambiguously precluded UM coverage for a motorcycle that was not insured under the policy. Defendants appeal, contending that the trial court should have found that the policy was ambiguous and, accordingly, construed it in favor of coverage. We affirm.

On May 8, 2004, the motorcycle that Robert Rowland was riding was struck by a car driven by an uninsured motorist. Robert Rowland suffered severe injuries. Defendants insured the motorcycle under a policy issued by Grinnell Mutual Insurance Company. Defendants also owned three automobiles, which they insured under plaintiff's policy. That policy states that it does not

No. 2--06--1238

provide UM coverage for injuries sustained by any person "[w]hile 'occupying' or when struck by, any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy."

When defendants filed a claim with plaintiff, it denied coverage, citing the above-quoted language. Plaintiff then filed this action, seeking a declaration that no coverage was available. As noted, the trial court granted plaintiff judgment on the pleadings, and defendants appeal.

Judgment on the pleadings is proper "where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." M.A.K. v. Rush-Presbyterian-St. Luke's Medical Center, 198 Ill. 2d 249, 255 (2001). A motion for judgment on the pleadings asks the trial court to review the pleadings and determine, as a matter of law, that the pleadings do not present a triable factual issue. Mitchell v. Waddell, 189 Ill. App. 3d 179, 182 (1989). We review de novo the trial court's ruling on such a motion. Chicago Title & Trust Co. v. Steinitz, 288 Ill. App. 3d 926, 934 (1997).

The primary object of contract construction is to ascertain and give effect to the parties' intentions as expressed in their agreement. American States Insurance Co. v. Koloms, 177 Ill. 2d 473, 479 (1997). If an insurance policy is clear and unambiguous, we must give the language its plain meaning, but if its terms are ambiguous, they should be construed against the insurer, which drafted the policy. Koloms, 177 Ill. 2d at 479. However, courts should not strain to find an ambiguity where none exists. McKinney v. Allstate Insurance Co., 188 Ill. 2d 493, 497 (1999).

The supreme court has held that a virtually identical "owned but not insured" clause unambiguously precludes UM coverage when the insured is injured in a vehicle that he or she owns but that is insured for UM coverage under another policy (Luechtefeld v. Allstate Insurance Co., 167

Ill. 2d 148, 151-52 (1995)), and that such an exclusion does not violate public policy (Luechtefeld, 167 Ill. 2d at 153). The court noted that the clause becomes effective only if the insured has other UM coverage available; therefore, the insured is in the same position he or she would have been in had the other driver been minimally insured. Luechtefeld, 167 Ill. 2d at 153.

Defendants assert, however, that despite the concededly clear "owned but not insured" clause, the policy is ambiguous because it also contains the following language:

"**OTHER INSURANCE**

If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance."

Defendants contend that this paragraph creates an ambiguity because "the first two sentences of the other-insurance provision clearly contemplate the possibility of simultaneous coverage by both the Farmers policy and some other policy issued by some other company." Defendants further contend that the Grinnell Mutual policy is "other applicable similar insurance," triggering plaintiff's duty to pay its proportion of the total policy limits.

The basic flaw in defendants' argument is that, before the "other insurance" clause comes into play, there must be insurance under plaintiff's policy in the first place. "Other," as relevant here, means "additional." Merriam-Webster's Collegiate Dictionary 821 (10th ed. 2001). Because there is no insurance under plaintiff's policy, there can be no "other" insurance with which plaintiff can share the loss. Put another way, because plaintiff's policy unambiguously denies coverage here, its proportional share of the total coverage would be zero.

This court has previously observed that an "other insurance" provision does not create an ambiguity where an unambiguous provision otherwise bars coverage. We stated:

"The presence of a 'proration clause' at the end of the provision does not introduce ambiguity into the clear language of the 'antistacking' provision. The proration clause is set off from the 'antistacking' language. The proration clause is designed to prevent other insurers, if any, from paying less than their fair share of a jointly covered loss. [Citation.] The 'antistacking' provision and the proration clause serve separate and important functions." Armstrong v. State Farm Mutual Automobile Insurance Co., 229 Ill. App. 3d 971, 976 (1992).

Moreover, defendants' proposed reading of the policy produces an absurd result: if defendants had no other insurance, the policy would deny them coverage. However, if (as is the case here) additional insurance were available, the policy would provide a windfall of excess coverage. We decline to hold that the parties intended such an absurd result. See Rubin v. Laser, 301 Ill. App. 3d 60, 68 (1998) (contract will not be construed to permit an absurd result).

Defendants further contend that the policy is ambiguous because it contains the following language under the bold heading, "IMPORTANT NOTICE." The provision states:

"Uninsured Motorist Coverage (including Underinsured Motorists) is included if your policy provides auto liability coverage. If you are injured in an accident in which the other driver is at fault and that driver does not have 'Bodily Injury' Liability Coverage, your Uninsured Motorist portion of the coverage would apply."

In response, plaintiff correctly points out that this portion of the policy was never before the trial court. Moreover, we denied defendants leave to supplement the record with this provision.

Therefore, this portion of the policy is not properly before us. See <u>Revolution Portfolio, LLC v. Beale</u>, 341 Ill. App. 3d 1021, 1024 (2003). Even if we considered it, however, our conclusion would not change. The quoted language does no more than inform the policyholder that the policy may provide UM coverage. In fact, this language specifically states that UM coverage is provided only if the policy provides auto liability coverage. As plaintiff's policy did not provide liability coverage for the motorcycle, it did not provide UM coverage, either.

The judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

BYRNE and GILLERAN JOHNSON, JJ., concur.