NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. GERALD I. HECKER *et al.*, Defendants-Appellees.

Second District   No. 2—88—0952

Opinion filed May 11, 1989.

14

Kevin J. Luther, Douglas J. Pomatto, and Lloyd R. McCumber, all of Heyl, Royster, Voelker & Allen, P.C., of Rockford, for appellant.

Frank A. Perrecone, of Lawrence J. Ferolie & Associates, Ltd., of Rockford, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Nationwide Mutual Insurance Company, appeals from an order of the circuit court granting summary judgment in favor of defendants, Gerald and Irene Hecker. The issue on appeal is whether the trial court erred in granting summary judgment in favor of defendants by finding that the applicable policy limits for uninsured motorist provisions are $100,000 per person and $300,000 per occurrence (100/300). We reverse.

Plaintiff filed an action for declaratory judgment after its insureds, the Heckers, were involved in an accident with an uninsured motorist in May 1984. Gerald was driving their 1984 Chevrolet Cavalier, and Irene was his passenger. The Cavalier was one of three cars covered under the insurance policy.

The declarations sheet of the insurance policy stated: "Your policy provides the coverages and limits shown in the schedule of coverages. They apply to each insured vehicle as indicated." Below this language,

the declaration sheet set forth the vehicles covered and the limits of coverage. The first car listed was a Chevrolet Celebrity. Under the uninsured motorist bodily injury provision was listed $100,000 each person, $300,000 each occurrence, and a premium of $7. The second car listed was a 1974 Chevrolet Corvette, which also had bodily injury limits of $100,000 each person and $300,000 for each occurrence, and a premium of $7. The third car listed was the Cavalier. Under its uninsured motorist provision was listed $50,000 for each person, $100,000 for each occurrence, and a premium of $3.30. The policy further provided:

"2. The insuring of more than one person or vehicle under this policy does not increase our Uninsured Motorists payment limits. Limits apply to each insured vehicle as stated in the Declarations. In no event will any insured be entitled to more than the highest limit applicable to any one motor vehicle under this or any other policy issued by us."

Both parties filed motions for summary judgment. Defendants argued that they were entitled to 100/300 coverage limits because the terms of the policy were ambiguous. Plaintiff argued that the policy unambiguously stated that defendants were limited to 50/100 coverage because the car involved was the Cavalier. The court decided that paragraph two of the policy was an anti-stacking provision which did not limit the recovery to the amounts specified for the particular car the insured was occupying at the time of the accident. The court concluded that the contract was ambiguous and construed the policy to allow defendants to choose which coverage limit they wished to apply, which was 100/300.

On appeal, plaintiff contends that the policy provisions, taken as a whole, unambiguously limit coverage to the amounts indicated for each vehicle.

■■ ■ Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112.) Construction of an insurance policy is a matter of law to be determined by the court. *United Farm Bureau Mutual Insurance Co. v. Elder* (1981), 86 Ill. 2d 339, 342-43.

■■ Insurance policy provisions which are unambiguous should be applied as written. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495.) Contractual language is not rendered ambiguous merely because the parties do not agree on its meaning. (*Katz v. American Family Insurance Co.* (1987), 163 Ill. App. 3d 549, 552.) A

contractual provision is ambiguous if it is reasonably capable of different constructions. See *Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealers Services, Inc.* (1985), 138 Ill. App. 3d 574, 584.

■ Defendants base their argument that uninsured motorist coverage attaches to the insured not the vehicle on the public policy behind section 143a of the Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a). It provides that any liability insurance policy must provide coverage for injury or death due to an uninsured motorist. (Ill. Rev. Stat. 1983, ch. 73, par. 755a(1).) At the time that the policy was issued, such coverage was required to be at least $15,000 per person and $30,000 per occurrence. (See Ill. Rev. Stat. 1983, ch. 95½, par. 7—203.) We find that, in the instant case, public policy considerations do not figure into the analysis because the coverage limits on the Cavalier exceeded the statutory requirement, and defendants were therefore not denied coverage. See *Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 176 (the purpose of section 143a is to place the policy holder in approximately the same position as if the wrongful driver had had the minimum liability insurance).

Plaintiff cites *Makela v. State Farm Mutual Automobile Insurance Co.* (1986), 147 Ill. App. 3d 38, in support of its proposition that the policy at issue unambiguously provides that the insureds are limited to the amounts listed on the declarations sheet for the car they occupied at the time of the accident. Defendants argue that *Makela* is distinguishable because the plaintiff in that case was not a named insured under the policy at issue, whereas, here, the defendants are trying to recover the highest possible coverage under their own insurance policy.

In *Makela*, the insured had three automobiles, which the court found to be insured under one policy. (147 Ill. App. 3d at 49, 51.) Two of the cars had uninsured motorist coverage of 15/30, and the other car had uninsured motorist coverage of 50/100. (147 Ill. App. 3d at 40-41.) The car involved in the accident was one of the cars that had uninsured motorist coverage of 15/30. The plaintiff argued that she was entitled to the highest coverage under the policy, $50,000, because the insurance policy was ambiguous. The policy in *Makela* stated:

> " '[T]he limit of uninsured motorist insurance shown on the Declaration Page for "each person" is the maximum we'll pay in Damages for bodily injury to any one person *** [e]ven though You may have more than one car insured with us and separate premiums are charged for each car, the most we will pay for any one accident is the amount shown on the Declara-

tion Page. When Damages are payable under more than one policy we've issued to You, we won't pay more than the highest limit in any one such policy.' " (147 Ill. App. 3d at 51.)

In interpreting this section of the policy, the court stated:

> "Read as a whole, the above provisions in tandem with the separate listings of coverages for each of three automobiles on the declaration page unambiguously indicate that coverage is limited to the amount listed for the automobile involved in the accident." (147 Ill. App. 3d at 51.)

We find that a similar analysis in the instant case leads to the conclusion that defendants were only entitled to 50/100 coverage.

▮ In the instant case, paragraph two of the policy states that the "[l]imits apply to each insured vehicle as stated in the Declarations." The declaration sheet provides that the coverages and limits "apply to each insured vehicle as indicated" in the schedule of coverages. The Celebrity and the Corvette each have coverage limits of 100/300, and each has a premium of $7. The Cavalier had coverage limits of 50/100 and a premium of $3.30. Reading paragraph two in conjunction with the declarations sheet, we conclude that the policy unambiguously limits coverage to the amount listed for the vehicle involved in the accident. Consequently, defendants were entitled to 50/100 coverage and not 100/300 coverage. Since there are no issues of fact, plaintiff is entitled to summary judgment as a matter of law.

Accordingly, the judgment of the circuit court is reversed, and this cause is remanded with directions that the court enter judgment for plaintiff in accordance with this opinion.

Reversed and remanded with directions.

NASH and REINHARD, JJ., concur.