JASON KARLOV, Plaintiff-Appellant, v. HOME INDEMNITY COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—95—1754

Opinion filed October 30, 1996.

Corboy & Demetrio, P.C., of Chicago (Michael G. Mahoney, of counsel), for appellant.

O'Connor, Schiff & Myers, of Chicago (Loretta M. Griffin, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Jason Karlov, brought this declaratory judgment action seeking a determination that he was covered under a business auto policy issued by defendants, the Home Indemnity Company and the Home Insurance Companies (hereinafter Home), to Crown Glass Corporation (Crown) and others, including his stepfather, Berle Blitzstein. Plaintiff alleged that he was injured as a result of a motor vehicle collision with David Gardner on March 13, 1991, in Newton, Massachusetts, and sought a declaration that he was entitled to underinsured motorists coverage from Home under the policy. Plaintiff now appeals from the trial court's grant of summary judgment to Home. The trial court found that even if Berle Blitzstein was a named insured, and plaintiff was a member of Blitzstein's family, Blitzstein did not own the motorcycle plaintiff was riding and the underinsured motorists coverage in the policy applied only to "those autos you own." On appeal, plaintiff contends the insurance policy unambiguously provides coverage to plaintiff; or, if ambiguous, the policy should be construed in plaintiff's favor; and the "Drive Other Car" endorsement does not apply to restrict coverage to plaintiff.

Defendant's motion for summary judgment stated that at the time of the collision plaintiff was operating a motorcycle which he owned and which was not a "covered auto" under the Home policy. Following the collision, plaintiff received payment of the $100,000 policy limits from Gardner's automobile insurance policy. Plaintiff's own policy of insurance contained liability limits of $15,000 per person, so that underinsured motorists coverage under that policy was not available to plaintiff once the limits of Gardner's policy had been paid to plaintiff. The Home business auto policy here was issued to Crown. Home relied in part on a section entitled "COVERED AUTOS," which limited uninsured/underinsured motorist coverage to owned autos. Defendants also contended that coverage for plaintiff as a family member of Berle Blitzstein was excluded by a "Drive Other Car" endorsement, which excluded uninsured/underinsured coverage for family members injured while occupying any auto owned by any family member. Since plaintiff was injured while operating a motorcycle he owned, defendant argued plaintiff was excluded from coverage.

Plaintiff argued that he was an insured under the business auto policy and that the "Drive Other Car" provisions were not applicable in the context of underinsured motorists coverage to deny him coverage. In order to establish that he was a family member of a named insured under the policy, plaintiff submitted his own affidavit and the affidavit of his mother, stating that on or before March 13, 1991, he was a resident of the household of his stepfather Berle Blitzstein; he was away from home attending Brandeis University in Waltham, Massachusetts; and Berle Blitzstein was president and chief operating officer of Crown and married to Barbara Blitzstein, plaintiff's mother. Berle Blitzstein's affidavit further stated that he was an agent and beneficiary of a partnership and two trusts listed as insured under the Crown policy.

Plaintiff argued that the "Drive Other Car" endorsement did not restrict the underinsured motorists coverage. Plaintiff noted that the "Drive Other Car" endorsement, by its express terms, only applied to medical payments coverage and uninsured motorists coverage and the title of the endorsement, "Drive Other Car Coverage—Broadened Coverage For Named Individuals," showed that the endorsement was not meant to restrict the coverage provided elsewhere in the policy but was intended to broaden it. Plaintiff stated that the endorsement added to who was an insured and that it did not make sense that a policy holder would pay an extra premium for an endorsement broadening coverage that, when applied, had the effect of narrowing coverage.

Home replied that although the "Drive Other Car" endorsement broadened coverage to certain potential insureds, coverage did not extend to the situation here, where the vehicle was owned by the potential insured. Under the declarations section of the policy, only automobiles owned by a named insured required to have uninsured motorists coverage were included in the scope of the uninsured/underinsured motorists coverage. Plaintiff was not a named insured, the motorcycle he owned was not covered, and no uninsured or underinsured motorists coverage extended to plaintiff.

■ We agree with plaintiff that construction of insurance contracts is a question of law and thus a proper subject of motions for summary judgment. *Continental Casualty Co. v. Flomenhoft*, 263 Ill. App. 3d 22, 25 (1994). Our review is *de novo*. *USG Corp. v. Sterling Plumbing Group, Inc.*, 247 Ill. App. 3d 316, 318 (1993). Also, where the provisions of the insurance policy are clear and unambiguous, there is no need for construction, but where a provision of an insurance policy can reasonably be considered ambiguous, it will be construed in favor of the insured. *Hartford Casualty Insurance Co. v.*

*Medical Protective Co.*, 266 Ill. App. 3d 781, 788 (1994); *Ansvar American Insurance Co. v. Hallberg*, 209 Ill. App. 3d 206, 210 (1991).

The trial court concluded that even if Berle Blitzstein was the named insured, he did not own the motorcycle and there was no coverage for plaintiff because the policy definition specified "those autos you own." In ruling, the trial judge "assumed" that Berle Blitzstein was a named insured and that plaintiff was his family member. However, since plaintiff owned the motorcycle, there was no coverage. This result follows from the clear and unambiguous language in the policy.

The declarations page of the policy defined different coverages such as liability, personal injury, medical payments, uninsured motorists, underinsured motorists, physical damage, collision and physical damage, towing and labor, by use of numerical symbols. Using the numerical symbol 6, the declarations page of the policy shows uninsured/underinsured (the terms are used interchangeably) motorists coverage with limits of $350,000. The section of the policy entitled "Business Auto Coverage Form" states that various provisions in the policy restrict coverage. Section I is entitled "Covered Autos" and contains a subsection, "A: Description of Covered Auto Designation Symbols," which states in part:

"6. *Owned 'Autos' Subject To A Compulsory Uninsured Motorists Law.*

Only those 'autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those 'autos' you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement."

An endorsement, "Drive Other Car Coverage—Broadened Coverage for Named Individuals," provides in part as follows:

"C. Changes In Auto Medical Payments And Uninsured Motorists Coverages:

The following is added to WHO IS AN INSURED:

Any individual named in the Schedule and his or her 'family members' are 'insured' while 'occupying' or while a pedestrian when being struck by any 'auto' you don't own except Any 'auto' owned by the individual or by any 'family member.' "

■ These policy provisions, taken together, exclude coverage for plaintiff since it is not disputed that plaintiff owned the motorcycle he was driving at the time of the injury. Plaintiff argues that the "Drive Other Car Coverage—Broadened Coverage For Named Individuals" endorsement does not apply because it restricts coverage, and its title, stating that it broadens coverage, cannot make

sense. The policy treats uninsured and underinsured motorists coverage together. A note to the endorsement states: "When uninsured motorists is provided at limits higher than the basic limits required by a financial responsibility law, underinsured motorists is included unless otherwise noted." It is not inconsistent for an endorsement broadening coverage for "Named Individuals" to contain some restrictions in that coverage. We do not consider that the placement of the restrictive language in the "Business Auto Coverage" portion of the policy and the endorsement creates an ambiguity. *Illinois Farmers Insurance Co. v. Cisco*, 278 Ill. App. 3d 1022, 1025 (1996) (location of clause excluding coverage for a vehicle other than the insured vehicle, *i.e.*, uninsured motorists coverage, unless the owner of that vehicle had no other applicable insurance, in "Other insurance" section rather than "Exclusions" section of policy, did not create ambiguity where the wording was clear without regard to its location in the policy). Summary judgment was proper. Plaintiff was not entitled to underinsured motorists coverage under this policy because he owned the motorcyle he was driving when he was injured and the policy clearly excludes coverage for such a vehicle even when the owner is a member of the insured's family.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

TULLY, P.J., and GALLAGHER, J., concur.