(No. 80980.—
(No. 81048.—

ILLINOIS FARMERS INSURANCE COMPANY, Appellant, v. GLORIA CISCO, Appellee.—CHARLES SHANE, Appellee, v. ILLINOIS FARMERS INSURANCE COMPANY, Appellant.

*Opinion filed September 11, 1997.—Rehearing denied December 1, 1997.*

HEIPLE, J., dissenting.

Danny L. Worker, Glenn W. Kuchel, Kimberly J. Sayre and Julie A. Hoffman, of Worker & Power, of Chicago, for appellant.

Kevin J. O'Shea and John E. Navigato, of Serpico, Novelle & Navigato, Ltd., of Chicago, for appellee.

Danny L. Worker and Julie A. Hoffman, of Worker & Power, of Chicago, for appellant.

Charles Winkler, of Winkler & Gorey, Ltd., of North Riverside, for appellee.

JUSTICE MILLER delivered the opinion of the court:

In these consolidated cases, Richard Cisco and Charles Shane were involved in separate motor vehicle accidents with uninsured motorists. Cisco and Shane were driving vehicles owned by their respective employers. The vehicles being driven by Cisco and Shane were insured by their employers under policies of motor vehicle insurance providing uninsured-motorist benefits in the amounts of $20,000 per person and $40,000 per occurrence, the minimums required under section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a) and section 7—203 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 7—203). Cisco's estate

and Shane sought to collect additional uninsured-motorist benefits under automobile insurance policies issued to them on their personal vehicles by Illinois Farmers Insurance Company. In both cases, Illinois Farmers denied coverage based on an uninsured-motorist coverage exclusion.

The appellate court, in each case, found that Illinois Farmers' exclusionary language violated section 143a—2(1) of the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a—2(1)). Section 143a—2(1) provides:

> "No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle designed for use on public highways and required to be registered in this State unless uninsured motorist coverage as required in Section 143a of this Code is offered in an amount up to the insured's bodily injury liability limits." Ill. Rev. Stat. 1989, ch. 73, par. 755a—2(1).

In Cisco's case, the appellate court affirmed the trial judge's ruling in favor of Cisco's estate. 278 Ill. App. 3d 1022. In Shane's case, the appellate court reversed the trial judge's grant of summary judgment in favor of Illinois Farmers. No. 1—95—1870 (unpublished order under Supreme Court Rule 23). Thus, the appellate court's rulings allowed Cisco's estate and Shane to collect uninsured-motorist benefits under the policies issued by Illinois Farmers.

Illinois Farmers filed a petition for leave to appeal in each case. 155 Ill. 2d R. 315(a). We allowed both of Illinois Farmers' petitions and consolidated them for purposes of this appeal. We affirm the judgments of the appellate court.

## BACKGROUND

### Cause No. 80980

In cause No. 80980, Richard Cisco was fatally injured

in a motor vehicle accident involving an uninsured motorist. The vehicle driven by Cisco was owned by his employer and insured under a policy issued by the Insurance Company of North America (INA). The INA policy provided uninsured-motorist benefits of $20,000 per person and $40,000 per occurrence. INA paid Cisco's estate $20,000 in uninsured-motorist benefits as a result of Cisco's death.

At the time of the accident, Cisco and his wife, Gloria, were insured under automobile insurance policies issued by Illinois Farmers for the two vehicles owned by the Ciscos. Each policy provided bodily injury liability coverage and uninsured-motorist coverage in the amounts of $100,000 per person and $300,000 per occurrence. Gloria, on behalf of Richard's estate, sought uninsured-motorist benefits from Illinois Farmers under the policies. Illinois Farmers denied coverage based on paragraph 4 of the policies' "Other Insurance" provision. Each policy contains the following pertinent language:

> "PART II—UNINSURED MOTORIST
> Coverage C—Uninsured Motorist Coverage
> (Including Underinsured Motorist Coverage)
> We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.
>
>        \* \* \*
>
> Other Insurance
>
>        \* \* \*
>
> 4. We will not provide insurance for a vehicle other than your insured car, unless the owner of that vehicle has no other insurance applicable to this part."

Illinois Farmers, as plaintiff, filed a declaratory judgment action in the circuit court of Cook County against

defendant, Gloria Cisco, seeking a declaration of Illinois Farmers' rights and liabilities under the two automobile insurance policies. The parties filed cross-motions for judgment on the pleadings. The trial judge denied Illinois Farmers' motion and granted Gloria Cisco's motion. Illinois Farmers appealed.

The appellate court affirmed. 278 Ill. App. 3d 1022. The appellate court explained that under section 143a—2(1) Illinois Farmers was required to offer the Ciscos uninsured-motorist benefits of $100,000 per person and $300,000 per occurrence because these were the limits of the Ciscos' bodily injury liability coverage. The Ciscos accepted the offer of uninsured-motorist benefits in excess of the minimums required by section 143a of the Insurance Code and section 7—203 of the Vehicle Code. Given the Ciscos' acceptance of this offer, the appellate court found that Illinois Farmers could not condition the availability of uninsured-motorist coverage under its policy on "the total lack of uninsured motorist coverage on the vehicle in which the insured [was] riding when injured." 278 Ill. App. 3d at 1026.

The appellate court stated the Ciscos' case was distinguishable from the cases relied on by Illinois Farmers. Illinois Farmers relied on *Vanek v. Illinois Farmers Insurance Co.*, 268 Ill. App. 3d 731 (1994), *Shefner v. Illinois Farmers Insurance Co.*, 243 Ill. App. 3d 683 (1993), *Nationwide Mutual Insurance Co. v. Hecker*, 183 Ill. App. 3d 13 (1989), and on remand and reconsideration, *Luechtefeld v. Allstate Insurance Co.*, 167 Ill. 2d 148 (1995). In these cases, the insured in question owned multiple vehicles and obtained insurance coverage for the vehicles. In each case, at least one of the vehicles owned by the insured had a lower level of uninsured-motorist benefits than did the insured's other vehicles. The insured was injured by an uninsured motorist while the insured was occupying one of the owned vehicles

covered by a lower level of benefits. The insured in each case attempted to claim a higher level of benefits under one of the policies of insurance covering a vehicle not involved in the accident.

The courts in *Luechtefeld*, *Vanek*, *Shefner*, and *Hecker* found that the uninsured-motorist coverage under the policy purchased for the vehicle involved in the accident applied. Thus, the insured in question received the level of uninsured-motorist benefits selected for the particular vehicle the insured occupied when injured by an uninsured motorist. See *Luechtefeld*, 167 Ill. 2d 148; *Vanek*, 268 Ill. App. 3d 731; *Shefner*, 243 Ill. App. 3d 683; *Hecker*, 183 Ill. App. 3d 13. The appellate court found the Ciscos' case distinguishable. The appellate court stated that unlike the insureds in *Luechtefeld*, *Vanek*, *Shefner*, and *Hecker*, the Ciscos did not own the vehicle in which the injury occurred and did not choose the level of uninsured-motorist benefits for the vehicle in which the injury occurred. 278 Ill. App. 3d at 1027-28.

Illinois Farmers filed a petition for leave to appeal. 155 Ill. 2d R. 315(a). We allowed Illinois Farmers' petition and consolidated it with cause No. 81048.

Cause No. 81048

In cause No. 81048, Charles Shane was injured in a motor vehicle accident involving an uninsured motorist. The vehicle driven by Shane at the time of the accident was owned by his employer and insured under a policy issued to his employer by Casualty Insurance Company. The Casualty Insurance policy provided uninsured-motorist benefits of $20,000 per person and $40,000 per occurrence. As a result of the collision, Casualty Insurance paid Shane $20,000 in uninsured-motorist benefits.

At the time of the accident, Shane was insured under a personal automobile insurance policy issued by Illinois Farmers. The policy provided bodily injury li-

ability coverage and uninsured-motorist coverage in the amounts of $100,000 per person and $300,000 per occurrence. Believing that his damages exceeded $20,000, Shane presented an uninsured-motorist claim to Illinois Farmers. Illinois Farmers denied coverage based on paragraph 4 of the policy's "Other Insurance" provision. (The relevant policy language is identical to that quoted above in reference to Cisco's case, cause No. 80980.)

Shane, as plaintiff, filed an action in the circuit court of Cook County against defendant, Illinois Farmers, seeking a declaration of coverage for uninsured-motorist benefits. The parties filed cross-motions for summary judgment. The trial judge granted summary judgment in favor of Illinois Farmers.

The appellate court reversed. No. 1—95—1870 (unpublished order under Supreme Court Rule 23). The appellate court held that the exclusionary language found in Illinois Farmers' policy violated section 143a—2(1). The appellate court relied on *Illinois Farmers Insurance Co. v. Cisco*, 278 Ill. App. 3d 1022 (1996), to support its conclusion. The appellate court remanded to the trial court with directions to enter an order: (1) finding that Illinois Farmers' policy provides uninsured-motorist coverage to Shane secondary to the Casualty Insurance policy; and (2) submitting Shane's claim against Illinois Farmers to arbitration.

Illinois Farmers filed a petition for leave to appeal. 155 Ill. 2d R. 315(a). We allowed Illinois Farmers' petition and consolidated it with cause No. 80980.

## DISCUSSION

The terms of an insurance policy are to be applied as written unless those terms contravene public policy. *Menke v. Country Mutual Insurance Co.*, 78 Ill. 2d 420, 423 (1980). Insurance policy provisions that conflict with a statute are void. *American Family Mutual Insurance Co. v. Baaske*, 213 Ill. App. 3d 683, 688 (1991). Under

the facts of these consolidated cases, Illinois Farmers contends that the appellate court erred in finding that paragraph 4 of its "Other Insurance" provision violates section 143a—2(1) of the Insurance Code. We disagree.

The Insurance Code states that if an insurance company provides a motor vehicle liability policy to an insured, the insurance company must provide a statutory minimum of uninsured-motorist coverage (section 143a) and offer additional coverage in an amount up to the insured's bodily injury liability limits (section 143a—2(1)). Uninsured-motorist coverage is provided for the protection of insureds who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. See Ill. Rev. Stat. 1989, ch. 73, pars. 755a, 755a—2(1).

Paragraph 4 of Illinois Farmers' "Other Insurance" provision states that uninsured-motorist coverage will not apply "for a vehicle other than your insured car, unless the owner of that vehicle has no other insurance applicable to this part." By the "Other Insurance" provision of its policy, Illinois Farmers attempts to condition the uninsured-motorist coverage of its policy on the availability of similar coverage on a nonowned vehicle rather than on the uninsured status of the person causing the insured's injury. Because the focus of the statute requiring coverage is on the uninsured status of the person causing the insured's injury, we believe that a provision conditioning uninsured-motorist coverage on the availability of another party's uninsured-motorist coverage is contrary to the statute and is therefore void. The Insurance Code specifically outlines the scope of coverage under an uninsured-motorist provision. Automobile policies must provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." Ill. Rev. Stat. 1989, ch. 73,

par. 755a. Insured claimants who fit these criteria are statutorily entitled to coverage, and policy language which attempts to further restrict the right to coverage violates the language and intent of the statute.

Illinois Farmers argues that this result conflicts with *Luechtefeld*, 167 Ill. 2d 148, *Vanek*, 268 Ill. App. 3d 731, *Shefner*, 243 Ill. App. 3d 683, and *Hecker*, 183 Ill. App. 3d 13. We disagree. In *Luechtefeld*, *Vanek*, *Shefner*, and *Hecker*, the insured in question selected the policy and the uninsured-motorist limits that applied to the owned vehicle in which the injury occurred. The insured was therefore bound by his or her choice of lower uninsured-motorist coverage for that owned vehicle.

In these consolidated cases, the Ciscos and Shane made a choice regarding their own policies and opted for a higher level of uninsured-motorist coverage. Pursuant to section 143a—2(1), the insureds accepted Illinois Farmers' offer of additional insurance and purchased uninsured-motorist coverage equal to their bodily injury liability limits. The Ciscos and Shane did not select the uninsured-motorist coverages on the non-owned vehicles they were driving at the time of the accidents which provided a lower level of uninsured-motorist benefits. *Luechtefeld*, *Vanek*, *Shefner*, and *Hecker* are not controlling here.

Next, Illinois Farmers argues that if Richard Cisco and Charles Shane desired uninsured-motorist coverage in excess of the statutory minimums provided by their employers, Cisco and Shane should have purchased additional insurance on their employers' vehicles. Illinois Farmers premises this argument on the idea that Cisco and Shane had an insurable interest in their employers' vehicles because the vehicles were furnished or available for their regular use. Because Cisco and Shane did not obtain uninsured-motorist coverage in excess of the minimum limits to cover themselves while operating an

employer's vehicle, Illinois Farmers argues they should not be allowed to collect benefits in excess of the statutory minimums.

This argument is waived. There was no determination made in the trial court regarding whether the vehicles owned by Cisco's and Shane's employers were furnished or available for the insureds' regular use. Nor was this issue addressed in the appellate court. Furthermore, paragraph 4 of Illinois Farmers' "Other Insurance" provision is not limited to situations in which an insured is injured by an uninsured motorist while occupying a vehicle furnished or available for an insured's regular use.

Finally, Illinois Farmers argues that an exclusion found in the "LIABILITY" portion of its policy serves to exclude uninsured-motorist coverage provided in the "UNINSURED MOTORIST" portion of its policy. Illinois Farmers claims that because liability coverage for Cisco and Shane is excluded when they operate a vehicle furnished by an employer for their regular use, uninsured-motorist coverage is also excluded under the same set of circumstances. This argument was never addressed or ruled upon by the trial or appellate courts. Also, Illinois Farmers raises this argument for the first time in its reply brief. Under Supreme Court Rule 341(e)(7), points not argued in an appellant's brief are waived and shall not be raised in the reply brief. 155 Ill. 2d R. 341(e)(7). Therefore, this argument is waived.

## CONCLUSION

For the foregoing reasons, we find that under the facts of these consolidated cases, paragraph 4 of Illinois Farmers' "Other Insurance" provision violates section 143a—2(1) of the Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 755a—2(1)). Accordingly, the judgments of the appellate court are affirmed.

*No. 80980—Affirmed.*
*No. 81048—Affirmed.*

JUSTICE HEIPLE, dissenting:

Illinois, like virtually every other state, has enacted a redistributive scheme commonly known as the uninsured-motorist statute. Ill. Rev. Stat. 1989, ch. 73, par. 755a. Section 143a of the Insurance Code requires that every liability insurance policy issued for any motor vehicle registered in Illinois provide coverage for bodily injury or death caused by an uninsured or hit-and-run motorist. Ill. Rev. Stat. 1989, ch. 73, par. 755a. The statute is specifically designed to shift the risk of loss associated with uninsured motorists from the injured victim of a motor vehicle accident to the insurance industry, which in turn spreads the risk across the insurance buying public by adjusting premiums.

The statute, however, does not provide the uninsured motorist's victim with a full recovery or even a fair recovery. Rather, recognizing the enormous costs inherent in mandating uninsured-motorist coverage, the legislature expressly limited the minimum amount of coverage in section 7—203 of the Illinois Vehicle Code to what has become known as the "statutory minimum." Ill. Rev. Stat. 1989, ch. 95$^1$/$_2$, par. 7—203. Thus, as this court has consistently recognized, "the purpose of the uninsured-motorist statute is to place the insured policyholder in substantially the same position he would occupy if the uninsured driver had been minimally insured." *Luechtefeld v. Allstate Insurance Co.*, 167 Ill. 2d 148, 152 (1995), citing *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 277 (1992); *Menke v. Country Mutual Insurance Co.*, 78 Ill. 2d 420 (1980); *Putnam v. New Amsterdam Casualty Co.*, 48 Ill. 2d 71, 89 (1970).

The insurance policies at issue provided the policyholders with uninsured-motorist coverage in the amounts of $100,000 per person and $300,000 per occur-

rence—that is, coverage in excess of the statutory minimum. But under the plain language of the policies, the insureds were not entitled to such coverage if they were injured in a car other than their own for which other insurance was in effect. The policies expressly state:

> "We will not provide insurance for a vehicle other than your insured car, unless the owner of that vehicle has no other insurance applicable to this part."

Here the insureds bargained for uninsured-motorist coverage in excess of the statutory minimum but clearly subject to the above exclusion. Because each of the insureds in this consolidated case was driving an employer's vehicle (*i.e.*, a vehicle other than his or her own) and the employer's vehicle was covered by an insurance policy, the insureds were not entitled to recover under their own policies. Each insured did, however, recover under his employer's insurance policy, which provided uninsured-motorist benefits of $20,000 per person and $40,000 per occurrence—the minimum amount of coverage mandated by statute.

As this court has repeatedly stated, the purpose behind the uninsured-motorist statute is " 'to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the [Illinois Vehicle Code].' " *Squire v. Economy Fire & Casualty Co.*, 69 Ill. 2d 167, 176 (1977), quoting *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 4 (1970). This purpose is not frustrated so long as the policyholder receives the statutory minimum. *Luechtefeld*, 167 Ill. 2d at 153-54. In *Luechtefeld*, this court interpreted a similar exclusionary clause and voted unanimously to enforce the clause which excluded uninsured-motorist coverage when the policyholder was in a vehicle which he owned but which was covered by another policy: "As long as the coverage under the other policy equals or exceeds the minimum sums set forth in

the Illinois Vehicle Code [citation], there is no conflict between the exclusionary clause in [the] policy and section 143a." *Luechtefeld*, 167 Ill. 2d at 153.

The exclusionary clause at issue here *only* applies if the insured is injured in a vehicle covered under another policy. Enforcement of this exclusion by its plain terms would *never* frustrate the purpose behind the uninsured-motorist statute because the provision operates to exclude coverage only when the insured can seek recovery under another policy. Thus, enforcement of this exclusionary clause would never leave an insured without coverage.

A majority of this court—discontented with the result which would obtain in this case under the sound application of traditional contract principles—has seen fit to rewrite the parties' insurance contract. The majority declares the exclusionary clause to be "contrary" to the statute and thus void.

Simply stated, the uninsured-motorist statute requires only that an insured recover the statutory minimum. Ill. Rev. Stat. 1989, ch. 73, par. 755a; *Luechtefeld*, 167 Ill. 2d at 153, 159. An exclusion or limitation in an insurance policy does not violate the statute unless it deprives the insured of the statutory minimum. *Luechtefeld*, 167 Ill. 2d at 153. The insureds here recovered the statutory minimum under their employers' insurance policies; nothing in their own policies or the statute entitles them to more.

Accordingly, I respectfully dissent.