COPE, J.
Hartford Insurance Company of Illinois appeals a judgment determining the existence of insurance coverage. We affirm.
Hartford issued a commercial general liability insurance policy in Illinois for Group III Productions, Inc., an Illinois company. The policy included business automobile coverage for hired autos and nonowned autos. Group III did not own any autos. The insurance contract provided one million dollars in liability coverage for each accident, but did not provide any uninsured motorist coverage.
Appellee Edna Teresita Levy was a Group III employee who was sent to Florida for a six-month work assignment. While using a Florida rental vehicle in the course of her duties, Ms. Levy was seriously injured in an automobile accident. Ms. Levy had coverage through appellee Progressive Specialty Insurance Co.
Ms. Levy and Progressive both asserted claims that Ms. Levy also was entitled to uninsured motorist coverage through the Hartford policy. They contended that coverage was required under the terms of the applicable Illinois statutes on the subject. The trial court entered judgment in favor of Ms. Levy and Progressive, and Hartford has appealed.
The Hartford policy was issued at the end of 1995, and is controlled by the 1995 Illinois statutes in effect at that time. The question is whether the uninsured motorist statutes apply to this insurance policy.
Illinois law requires that uninsured motorist coverage of a specified statutory amount must be included with insurance policies which cover automobile liability for a vehicle “that is either required to be registered in this State [Illinois] or principally garaged in this State.... ” 215 Ill. Comp. Stat. Ann. 5/143a(l) (West 1995).[1] A companion statute requires that the insurer offer uninsured motorist coverage “in an amount equal to the insured’s bodily injury liability limits unless specifically re *1147 jected by the insured.” Id. § 5/143a-2.[2] No rejection of the additional uninsured motorist coverage is effective “unless the applicant signs or initials the indication of rejection.” Id. § 5/143a-2(2). There was no written rejection in this case.
The peculiarity in this case is that the business automobile policy did not cover any specifically identified vehicle which was registered or principally garaged in Illinois. Group III purchased coverage for hired autos and nonowned autos. This coverage applied worldwide, and provided one million dollars of liability coverage for any hired or nonowned auto. There is no dispute that, had Ms. Levy been at fault, the policy would have provided liability coverage for the Florida accident.
Hartford contends that since the Florida rental vehicle was neither registered in Illinois nor principally garaged in illinois, it follows that under the Illinois statutes, there was no obligation to provide uninsured motorist coverage. As we understand it, Hartford acknowledges that the Illinois statutes would require Hartford to provide uninsured motorist coverage if the rental car at issue in this case had either been registered in, or principally garaged in, Illinois. But absent that circumstance, Hartford contends that there is no uninsured motorist coverage.
The Illinois Supreme Court has taken an “expansive” approach to the interpretation of the uninsured motorist law. See Squire v. Economy Fire & Casualty Co., 69 Ill.2d 167, 13 Ill.Dec. 17, 370 N.E.2d 1044,1049 (1977) (citation omitted). “[T]he legislative purpose behind section 143a is ‘to place the policyholder in substantially the same position he would occupy, so far as his being injured or killed is concerned, if the wrongful driver had had the minimum liability insurance required by the Financial Responsibility Act....’ ” Id. at 1048 (citations omitted); see also Luechtefeld v. Allstate Ins. Co., 167 Ill.2d 148, 212 Ill.Dec. 224, 656 N.E.2d 1058, 1064 (1995). The statute “requires coverage of insured persons regardless of the motor vehicle the uninsured motorist is driving, and regardless of the vehicle in which the insured person is located when injured.” Squire, 13 Ill.Dec. 17, 370 N.E.2d at 1049; see also Illinois Farmers Ins. Co. v. Cisco, 178 Ill.2d 386, 227 Ill.Dec. 325, 687 N.E.2d 807, 811 (1997). The statutory provisions control over any contrary policy provision. Squire, 13 Ill.Dec. 17, 370 N.E.2d at 1049.
In this case Hartford issued an insurance policy which included business auto coverage. The coverage for hired autos and nonowned autos was worldwide, which necessarily means that Hartford was writing coverage for any hired auto or non-owned auto which is registered or principally garaged in Illinois. As we see it, that fact brings this policy within the scope of sections 143a and 143a-2. That being so, the policy had to include the basic level of insured motorist protection required by section 143a, and the insurer was required to offer the insured the additional level of uninsured motorist coverage required by section 143a-2. It is undisputed that there *1148 was no written rejection of the latter coverage, as required by section 143a-2(2).
We see no basis on which to say that uninsured motorist coverage would apply only to Illinois hired automobiles, but not to any other. The policy did not distinguish between Illinois and non-Illinois hired vehicles. The statute speaks of “the protection of persons insured thereunder,” 215 Ill. Comp. Stat. Ann. 5/143a(l) (emphasis added), and requires the policy to include uninsured motorist coverage if specified conditions are met. We concur with the trial court that there was coverage in this case equivalent to the liability limit.
Affirmed.

. The statute states:
§ 143a.(l) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle that is designed for use on public highways and that is either required to be registered in this State or is principally garaged in this State shall be renewed, delivered, or issued for delivery in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7-203 of the Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.
Id. (footnote omitted).
Section 7/203 provides, in part:
However, every such policy or bond is subject, if the motor vehicle accident has resulted in bodily injury or death, to a limit, exclusive of interest and costs, of not less than $20,000 because of bodily injury to or death of any one person in any one motor vehicle accident and, subject to said limit for one person, to a limit of not less than $40,000 because of bodily injury to or death of 2 or more persons in any one motor vehicle accident, and, if the motor vehicle accident has resulted in injury to or destruction of property, to a limit of not less than $15,000 because of injury to or destruction of property of others in any one motor vehicle accident.
Id. 5/7-203.

. The statute provides:
§ 143a-2.(l) Additional uninsured motor vehicle coverage. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle designed for use on public highways and required to be registered in this State unless uninsured motorist coverage as required in Section 143a of this Code is in-eluded in an amount equal to the insured’s bodily injury liability limits unless specifically rejected by the insured. Each insurance company providing the coverage must provide applicants with a brief description of the coverage and advise them of their right to reject the coverage in excess of the limits set forth in Section 7-203 of The Illinois Vehicle Code.
Id. § 5/143a-2. This statute applies to vehicles required to be registered in Illinois but, unlike section 143a, does not mention vehicles principally garaged in Illinois.