PHILIP ARMANDO, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—00—1242

Opinion filed June 8, 2001.

Edward G. Shenoo, of Chicago, for appellant.

James W. Fessler and Michael Resis, both of O'Hagan, Smith & Amundsen, L.L.C., of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, Philip Armando, brought a two-count declaratory judgment action against defendant, State Farm Mutual Automobile Insurance Company (State Farm), seeking a determination of his right to uninsured motorist coverage under his State Farm policy. State Farm filed a counterclaim for declaratory relief and motion for summary judgment arguing that under the "other insurance" provisions of its policy it owed no coverage to plaintiff. Thereafter, plaintiff filed a cross-motion for summary judgment, arguing that the "other insurance" clause violated the public policy of this state as expressed in section 143a of the Illinois Insurance Code (Code). 215 ILCS 5/143a (West 1998). The trial court granted summary judgment on the counterclaim and denied summary judgment on plaintiff's complaint, finding that plaintiff was not entitled to coverage, that the "other insurance" provision was consistent with public policy, and that State Farm did not act vexatiously or unreasonably in handling plaintiff's claim. For the following reasons, we affirm.

The following facts are undisputed. On May 22, 1997, while plaintiff was operating a vehicle owned by Steven and Marie Woodman, he was struck by an uninsured motorist and suffered personal injuries. The Woodmans' vehicle was insured under a policy issued by American Family Insurance Company (American Family). The policy provided for uninsured motorist coverage with limits of $100,000 per person and $300,000 per occurrence. Plaintiff settled his accident claim against American Family for the full $100,000 limit of uninsured motorist coverage. However, he was also the named insured under a policy issued by State Farm and sought additional coverage for his injuries under that policy. The limits of liability for uninsured motorist coverage under the State Farm policy were $100,000 per person and $300,000 per accident.

State Farm denied plaintiff's claim, citing an "other insurance" clause in the policy which defeated coverage. That clause provided that, when plaintiff had other primary uninsured motorist coverage under another insurance policy, its State Farm coverage applied as excess insurance, but only in the amount by which the excess coverage exceeded the primary coverage. Thus, under the terms of the policy, since plaintiff received $100,000 from American Family, State Farm claimed it owed no additional coverage to plaintiff.

On appeal, plaintiff contends that this restrictive excess clause is contrary to the public policy of the State of Illinois as expressed in section 143a of the Code. 215 ILCS 5/143a (West 1998). Section 143a provides in relevant part that every motor vehicle liability insurance policy issued to an insured must provide coverage for bodily injury

caused by an uninsured motorist. 215 ILCS 5/143a (West 1998). Specifically, plaintiff argues that, where the insured is occupying a nonowned vehicle to which another insurance policy applies, the "other insurance" clause amounts to an exclusion of uninsured motorist coverage which is void and unenforceable under Illinois law, citing *Illinois Farmers Insurance Co. v. Cisco*, 178 Ill. 2d 386, 687 N.E.2d 807 (1997), in support. Additionally, plaintiff argues that the operation of the "other insurance" clause deprives him of the benefit of his bargain, uninsured motorist coverage under his own policy for which he paid a premium.

The policy provision at issue provides as follows:
"If There is Other Uninsured Motor Vehicle Coverage ***
* * *
3. If the insured sustains bodily injury while occupying a vehicle not owned or leased by you, your spouse or any relative, and:
a. such vehicle is described on the declarations page of another policy providing uninsured motor vehicle coverage, ***
***
this coverage applies:
a. as excess to any uninsured motor vehicle coverage which applies to the vehicle or driver as primary coverage, but
b. only in the amount by which it exceeds the primary coverage." (Emphasis omitted.)

●1 The terms of an insurance policy are to be applied as written unless those terms are in conflict with public policy. *Menke v. Country Mutual Insurance Co.*, 78 Ill. 2d 420, 423, 401 N.E.2d 539, 541 (1980). While our supreme court has long ago found "other insurance" clauses to be valid limitations on liability (*Putnam v. New Amsterdam Casualty Co.*, 48 Ill. 2d 71, 83, 269 N.E.2d 97, 103 (1970)), it has more recently addressed the public policy concerns of section 143a with respect to various "other insurance" clauses in *Luechtefeld v. Allstate Insurance Co.*, 167 Ill. 2d 148, 656 N.E.2d 1058 (1995), and *Cisco*, 178 Ill. 2d 386, 687 N.E.2d 807. We find these cases instructive.

In *Luechtefeld*, the plaintiff was injured when an uninsured motorist struck his motorcycle. He made a claim under the policy which insured the motorcycle and additionally sought coverage under a policy issued to him by another insurer which covered his other vehicles. Although the latter policy provided for greater uninsured motorist coverage than the policy covering his motorcycle, it excluded coverage for owned vehicles covered by another policy. The plaintiff argued that the exclusion was unenforceable and that he was entitled to coverage under both policies for which he paid a premium. 167 Ill. 2d at 149-50, 656 N.E.2d at 1059-60.

The court held that the exclusion did not violate public policy because the purpose of the statute was to place the policyholder in substantially the same position he would occupy if the uninsured motorist had the minimum liability insurance required under the Code. 167 Ill. 2d at 152, 656 N.E.2d at 1061. Where the insured selected the policy limits that applied to the vehicle in which the injury occurred, as long as the coverage under that policy equaled or exceeded the statutory minimum required under the Code, the court found no conflict between the exclusionary clause in the policy and section 143a. 167 Ill. 2d at 152, 656 N.E.2d at 1061.

In *Cisco*, the plaintiffs were injured in accidents with uninsured motorists while driving vehicles owned by their employers. The uninsured motorist coverage provided by the employers' insurance policies was $20,000 per person and $40,000 per occurrence, the minimum required under the Code at that time. The plaintiffs also sought coverage under policies issued to them by their own insurers. Those policies provided coverage in the amounts of $100,000 per person and $300,000 per occurrence. However, the "other insurance" clause in the plaintiffs' policies completely excluded uninsured motorist coverage for a vehicle not owned by plaintiffs unless the owner of that vehicle had no other applicable insurance. *Cisco*, 178 Ill. 2d at 387-89, 687 N.E.2d at 808-09.

The court held that this exclusion violated public policy because it attempted to condition coverage on the availability of similar coverage on a nonowned vehicle rather than on the uninsured status of the person causing the injury. Additionally, unlike the plaintiff in *Luechtefeld*, the plaintiffs in *Cisco* did not select the limits of liability on the nonowned vehicle which provided them with less coverage than they had bargained for when purchasing their own policies. The court expressed that the insured should not be limited to the uninsured motorist coverage choices made by a third party over which the insured has no control. 178 Ill. 2d at 393, 687 N.E.2d at 811.

●2 Thus, based on the holdings in *Luechtefeld* and *Cisco*, public policy dictates (1) that the insured must be placed in substantially the same position he would have occupied if the tortfeasor had been minimally insured; and (2) that an insured who chooses to purchase higher levels of uninsured motorist coverage is entitled to the difference between his own coverage and the coverage afforded to him by a nonowned vehicle.

●3 Applying these principles to the present case, we find that State Farm's "other insurance" clause does not violate public policy. Unlike the exclusion in *Cisco*, the State Farm provision ensures that the insured is never deprived of uninsured motorist protection and

ensures that he will receive uninsured motorist coverage up to the limits for which he paid. Thus, his coverage selection is never undermined. If the uninsured motorist coverage on the nonowned vehicle were less than the amount of coverage plaintiff purchased under his State Farm policy, State Farm would pay the difference up to but not exceeding the applicable limits of the State Farm coverage.

Moreover, plaintiff's proposal that the policies be "stacked" to allow double compensation would violate public policy. Plaintiff has already recovered from the American Family policy the amount he would have received had the tortfeasor been insured to the extent required by statute and has recovered the amount for which he bargained. If the policies were "stacked," plaintiff would receive greater compensation by virtue of the fact that the tortfeasor violated the financial responsibility laws of Illinois. See *Putnam*, 48 Ill. 2d at 86, 269 N.E.2d at 104 (addressing same public policy concerns in relation to validity of similar "other insurance" clause prior to enactment of financial responsibility law).

While under State Farm's policy plaintiff does not receive the $100,000 from State Farm, to whom he paid a premium, payment of a premium does not always create a reasonable expectation that the insured will receive the full amount of coverage from his insurer. *Luechtefeld*, 167 Ill. 2d at 158, 656 N.E.2d at 1063. The Code specifically provides that where the insured has uninsured motorist coverage under more than one policy the insurer may insert terms that limit recovery to the highest limits in any applicable policy. Section 143a—2(5) provides:

> "Scope. Nothing herein shall prohibit an insurer from setting forth policy terms and conditions which provide that if the insured has coverage available under this Section under more than one policy or provision of coverage, any recovery or benefits may be equal to, but may not exceed, the higher of the applicable limits of the respective coverage ***." 215 ILCS 5/143a—2(5) (West 1998).

Nothing in the statute limits this application to policies issued by the same insurer. *Darwish v. Nationwide Mutual Insurance Co.*, 246 Ill. App. 3d 903, 907, 617 N.E.2d 72, 75 (1993). Accordingly, under the terms of the applicable insurance policies and Code provisions, plaintiff received the full amount of uninsured motorist coverage to which he was entitled. We therefore find no violation of public policy. Furthermore, because there is no coverage under the State Farm policy, we find that State Farm did not act vexatiously or unreasonably in handling plaintiff's claim. *Martin v. Illinois Farmers Insurance*, 318 Ill. App. 3d 751, 764, 742 N.E.2d 848, 858 (2000).

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

QUINN, P.J., and GREIMAN, J., concur.